IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-293-01/13,15/21,23/25-CR-W-DGK |
| ) | |
| TREVOR SPARKS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 21, 2020, the Grand Jury returned a six-count Third Superseding Indictment against Defendant Sparks and twenty-four co-defendants. (Doc. 261)

Pending before the Court is Defendant Sparks' motion for a continuance, seeking a setting on the October 31, 2022, trial docket. Defense counsel was appointed to represent Defendant Sparks on March 15, 2021. Defendant recently underwent a competency evaluation, during which time he was largely unavailable. Given the potential penalties Defendant would face if convicted, additional time is now needed to complete discovery review and explore plea negotiations with the Government. Neither the Government nor the co-defendants object to a continuance.[1] Although Defendant Sparks does not formally join in the continuance request due to his stated desire to preserve his Speedy Trial Act rights for appellate review, he agrees "that much time has been lost and that much work remains to be done by he and his counsel."

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing

---

[1] Counsel for co-defendant McClure advised by email dated March 21, 2022, that Defendant McClure did not object.

the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to October 31, 2022, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendants a right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. For these reasons, it is

ORDERED that Defendant Sparks' motion for continuance is granted. (Doc. 564) This case is removed from the Joint Criminal Trial Docket which commences on May 2, 2022, and is set for trial on the Joint Criminal Jury Trial Docket which commences on October 31, 2022. It is further

ORDERED that a pretrial conference is set for October 12, 2022. The time of the conference will be provided later. It is further

ORDERED the time between the date of this Order and November 11, 2022, the last day of the October 31, 2022, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

                                                             /s/ *Jill A. Morris*
                                                              JILL A. MORRIS
                                      UNITED STATES MAGISTRATE JUDGE